**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 15-4652**

―――――――――

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

TYQUAY CHARLES WILLIAMS,

              Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:12-cr-00096-IMK-JES-1)

―――――――――

Submitted: April 19, 2016         Decided: April 21, 2016

―――――――――

Before AGEE, DIAZ, and THACKER, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Charles T. Berry, Fairmont, West Virginia, for Appellant. Randolph John Bernard, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, Andrew R. Cogar, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyquay Charles Williams appeals his conviction and 78-month sentence* imposed following his guilty plea to distribution of cocaine base within 1000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 860(a) (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether trial counsel rendered ineffective assistance and whether Williams' sentence was the result of prosecutorial misconduct. Williams was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

Counsel first questions whether Williams' trial counsel was ineffective in promising Williams that he would be eligible for a safety valve sentencing reduction, encouraging him to stipulate to an erroneous drug quantity, and failing to note an appeal. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims

---

* Although Williams was originally sentenced to 97 months' imprisonment, his sentence has since been reduced pursuant to 18 U.S.C. § 3582(c)(2) (2012).

2

should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit adequate development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because ineffective assistance does not conclusively appear in the record, Williams' claims should be raised, if at all, in a § 2255 motion.

Counsel also questions whether Williams' sentence was tainted by prosecutorial misconduct, based on an allegedly erroneous drug weight stipulation entered by the parties in Williams' plea agreement. To establish prosecutorial misconduct, Williams must demonstrate that the prosecutor's conduct was improper and that it prejudicially affected his substantial rights. United States v. Caro, 597 F.3d 608, 624-25 (4th Cir. 2010); see also United States v. Armstrong, 517 U.S. 456, 464 (1996) (noting presumption of regularity accorded prosecutorial decisions). Because Williams did not raise this issue in the district court, our review is for plain error. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). Although the stipulated drug weight was higher than that calculated by the probation officer or identified by the Government at sentencing, we conclude the record is insufficient to demonstrate that the parties' stipulation was the product of any misconduct by the Government.

3

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>